UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FLORIDA FAIR HOUSING
ALLIANCE, INC.,

    Plaintiff,

v.

JAPANESE GARDEN MOBILE ESTATES,
INC. d/b/a THE COURTYARDS OF SOUTH
TAMPA,

    Defendant.
_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF SOUGHT

    Japanese Garden Mobile Estates, Inc., considers rehabilitated citizens undeserving of equal protection. Through its operational practices and policies, Japanese Garden Mobile Estates, Inc. thwarts the protections afforded by the Fair Housing Act individuals that have paid their debt to sociality. Through the above-captioned action, Florida Fair Housing Alliance, Inc., seeks to relieve Japanese Garden Mobile Estates, Inc., of its antiquated practices, and in so doing, ensure equal housing rights to all – and in light thereof:

    Plaintiff FLORIDA FAIR HOUSING ALLIANCE, INC. ("FFH Alliance") sues Defendant JAPANESE GARDEN MOBILE ESTATES, INC. d/b/a THE COURTYARDS OF SOUTH TAMPA ("Defendant") for violating 42 U.S.C. § 3601 *et seq.*, the Fair Housing Act.

## JURISDICTION AND VENUE

    1.    Jurisdiction of this Court arises under 42 U.S.C. § 3613(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

2. Venue in this District is proper because the subject property is located in this district, Plaintiff FFH Alliance resides in this district, Defendant transacts business in this district, and the complained conduct of Defendant occurred in this district.

## PARTIES

3. Plaintiff FFH Alliance is a fair housing advocacy organization and non-profit corporation formed in Florida and headquartered in Miami-Dade, Florida. FFH Alliance offers a variety of programs and services designed to advance fair housing in Florida. To advance its mission of ensuring equal access to housing for all, FFH Alliance engages in education and outreach; provides counseling to individuals facing discrimination; works with local and federal officials to enhance fair housing laws and their enforcement; undertakes investigations to uncover unlawful discrimination; and, when necessary, initiates enforcement actions.

4. Defendant is a Florida limited liability company, with its principal place of business located in Clearwater, Florida.

## DEMAND FOR JURY TRIAL

5. Plaintiff FFH Alliance, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

6. On March 02, 2020, the FFH Alliance investigated the "The Courtyards of South Tampa" apartment community, located at 3814 W Euclid Ave, Tampa, FL 33629, (the "Complex") owned by Defendant for discriminatory housing practices.

7. As part of this investigation, the FFH Alliance directed one of its agents/employees, a Hispanic/Latino male with a felony conviction by the name of Ryan Turizo ("Mr. Turizo"), to test the Complex for unlawful discriminatory housing practices. In this capacity, Mr. Turizo

contacted the Complex, posed as a potential rental applicant, and inquired into the available rental property Defendant holds open to the public for rent (the "Dwelling").

8. As part of Plaintiff FFH Alliance's investigation into potential discrimination in the housing market by Defendant, Mr. Turizo to inquired into Defendant's policy regarding the criminal record of applicants applying to rent the Dwelling, to which Defendant responded by stating a felony criminal record would result in an automatic denial of an applicant seeking to rent the Dwelling.

9. Defendant's statement clearly indicates that the rental of the Dwelling is subject to a blanket prohibition regarding an applicant's felony criminal history, which is unlawful under the Fair Housing Act, as it has a disparate impact on Hispanic/Latino people, and fails to serve a substantial, legitimate, nondiscriminatory interest of Defendant.

10. The actions and statements of Defendant, *inter alai*, the practice and/or policy to automatically deny any prospective individual with a felony criminal record, serves to discourage Black and Hispanic/Latino individuals with a criminal record from applying, inspecting, and renting the Dwelling, and otherwise restrict the choices of these individuals in connection with attempts to seek, negotiation for, and ultimately rent the Dwelling.

11. The harm inflicted by discriminatory criminal records policies like Defendants' is significant, not only in terms of the sheer number of people affected, but also in terms of the consequences for the wellbeing of our communities. In fact, securing safe and affordable housing is a particularly crucial need for individuals reentering their communities immediately after time in prison.

12. Research shows that success in finding adequate housing is critically important to allowing reentrants to secure employment, government benefits, and other community ties.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Housing has been characterized, properly, as the "lynchpin that holds the reintegration process together."[1] As another expert put it, "[t]he search for permanent, sustainable housing portends success or failure for the entire reintegration process."[2]

13. Critically, the policy of Defendant to automatically deny any prospective individual with a felony criminal record perpetuates segregated housing patterns and discourages and/or obstructs choices in the applicable community, neighborhood, and/or development. As such, the actions of Defendant consuetude efforts to deprive Black and Hispanic/Latino individuals of housing opportunities.

14. On April 4, 2016, the U.S. Department of Housing and Urban Development ("HUD") issued a document titled "*Office of General Counsel Guidance on Application of Fair Housing Act Standards to the Use of Criminal Records by Providers of Housing and Real Estate-Related Transactions*" (the "Guidance"). A copy of the Guidance is attached as Exhibit "A."

15. The Guidance noted that "criminal history-based restrictions on access to housing are likely disproportionately to burden African Americans and Hispanics." Id. HUD found that "where a policy or practice that restricts access to housing on the basis of criminal background has a disparate impact on individuals of a particular race … such policy or practice is unlawful under the Fair Housing Act if it is not necessary to serve a substantial, legitimate, nondiscriminatory interest of the housing provider." *See* HUD Guidance. Ultimately, HUD concluded that "**a discriminatory effect resulting from a policy or practice that denies housing to anyone with**

---

[1] Jeremy Travis, *But They All Come Back: Facing Challenges of Prisoner Reentry* 219 (2005)
[2] Barbara H. Zaitzow, *We've Come a Long Way, Baby...Or Have We? Challenges and Opportunities for Incarcerated Women to Overcome Reentry Barriers* 233 (in Global Perspectives on Re-Entry (2011)).

**a prior arrest or any kind of criminal conviction cannot be justified, and therefore such a practice would violate the Fair Housing Act**." Id. (emphasis added).

16. According to recent data, studies and HUD findings, Hispanic/Latino people are arrested, convicted, and imprisoned at vastly disproportionate rates in Florida and the country as a whole. As such, Defendant's policy actually and predictably results in a disparate impact to Hispanic/Latino people.

17. Defendant's policy regarding the criminal history of applicants seeking to rent, utilize, or otherwise occupy the Dwelling is unlawful under the Fair Housing Act, as it has a disparate impact on individuals of Hispanic/Latino heritage and/or descent.

18. HUD has found that no substantial, legitimate, nondiscriminatory interest can be served where "[a] housing provider … imposes a blanket prohibition on any person with any conviction record – no matter when the conviction occurred, what the underlying conduct entailed, or what the convicted person has done since then." Id.

19. Defendant's blanket prohibition regarding an applicant's felony criminal history is unlawful under the Fair Housing Act, as it has a disparate impact on Hispanic/Latino people, and fails to serve a substantial, legitimate, nondiscriminatory interest of the housing provider.

20. Consistent with Plaintiff FFH Alliance's fair housing testing efforts, FFH Alliance's has a practice of continuing to monitor and test those entities and individuals found to have been engaged in discriminatory housing practices. As such, FFH Alliance's will continue monitoring Defendant, and Defendant's agents, in order to determine its (Defendant's) ongoing compliance with the Fair Housing Act.

## *COUNT I.*
## <u>VIOLATION OF THE FAIR HOUSING ACT</u>

21. Plaintiff FFH Alliance incorporates by reference paragraphs 1-20 of this Complaint as though fully stated herein.

22. Defendant is liable to Plaintiff for all injuries caused by the Fair Housing Act violations committed by Defendant and the agents of Defendant.

23. Defendant authorized its agents to act for it (Defendant) when Defendant's agents committed the Fair Housing Act violations alleged herein. The agents of Defendant accepted the undertaking of acting on behalf of Defendant when the they (Defendant's agents) committed the Fair Housing Act violations alleged herein. Defendant had control over its (Defendant's) agents when said agents committed the Fair Housing Act violations alleged herein.

24. In light of the aforementioned factual allegations and HUD findings: [1] Defendant's criminal history policy and/or practice is arbitrary, artificial, and unnecessary to achieve a valid interest or legitimate objective such as a practical business, profit, policy consideration, or requirement of law; [2] there is a robust causal link between the challenged policy or practice and a disparate impact on Hispanic/Latino people that shows the specific practice is the direct cause of the discriminatory effect; [3] the disparity caused by the policy and/or practice is significant; and [4] there is a direct link between the disparate impact and Plaintiff's injury.

25. Defendant has violated the Fair Housing Act by, *inter alia*, making unavailable and/or otherwise denying the Dwelling to individuals on the basis of race and/or criminal record.

26. A discriminatory purpose, and not any legitimate reason, was a motivating factor behind Defendant's policy regarding the criminal history of applicants seeking to rent, utilize, or otherwise occupy the Dwelling.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

27. As a result of Defendant's discriminatory conduct - committed despite being engaged in the business of real estate, coupled with Plaintiff's ongoing monitoring efforts - Plaintiff has suffered, is continuing to suffer, and will in the future suffer irreparable loss and injury and a real and immediate threat of future discrimination by Defendant.

28. Defendant's unlawful conduct and actions constitute discrimination and proximately caused Plaintiff's damages as described above.

29. In engaging in this unlawful conduct described above, Defendant acted recklessly or intentionally. This is evidenced, in part, by the fact that Defendant is engaged in the real estate business and are licensed real estate professionals, who have been educated, trained, and tested in fair housing laws, nonetheless chose to engage in unlawful discrimination.

30. Plaintiff has been treated in a discriminatory fashion by Defendant and has suffered an injury in precisely the form the Fair Housing Act was intended to guard against, thus, Plaintiff FFH Alliance has standing to maintain this action against Defendant under the Fair Housing Act's provisions.

31. Accordingly, Plaintiff FFH Alliance is aggrieved by the discrimination actions of Defendant in violation the Fair Housing Act.

32. WHEREFORE, Plaintiff FFH Alliance, respectfully, requests that this Court:

   (a) Declare the above-mentioned actions, omissions, polices, and procedures, of Defendant to be in violation of the Fair Housing Act;

   (b) Award damages to Plaintiff against Defendant;

   (c) Award punitive damages to Plaintiff in an amount to be determined by the jury that would punish Defendants for the willful, malicious, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

   (d) Enter a permanent injunction enjoining Defendant from discriminating against individuals on the basis of race and/or criminal history;

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(e) Enter a permanent injunction compelling Defendant to amend its (Defendant's) polices, procedures, and practices, that discriminate against individuals on the basis of race and/or criminal history;

(f) Award Plaintiff costs and reasonable attorneys' fees; and

(g) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: March 12, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*